**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 7 |
| Debtors.[1] | (Jointly Administered) |
| Diamond Comic Distributors, Inc., | Adv. Proc. No. 25-00251 (DER) |
| Plaintiff, | |
| v. | |
| LIVING THE LINE, LLC d/b/a Living the Line, | |
| Defendant. | |
| LIVING THE LINE, LLC d/b/a Living the Line, | |
| Counterclaimant and Third-Party Plaintiff, | |
| v. | |
| JPMORGAN CHASE BANK, N.A., and SPARKLE POP, LLC, | |
| Third-Party Defendants. | |

**JPMORGAN CHASE BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES
TO LIVING THE LINE, LLC'S THIRD-PARTY COMPLAINT TO DETERMINE
THE VALIDITY, PRIORITY OR EXTENT OF A LIEN
<u>OR OTHER INTEREST IN PROPERTY</u>**

Third-Party Defendant JPMorgan Chase Bank, N.A. ("**JPMorgan**" or "**Third-Party Defendant**"), by and through their undersigned counsel, hereby answers and asserts affirmative

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

1

250865417v2

defenses (collectively, the "**Answer**") in response to the *Third-Party Complaint to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property* [Adv. Dkt. No. 7] (the "**Complaint**") filed by Third-Party Plaintiff Living the Line, LLC d/b/a Living the Line ("**Third-Party Plaintiff**") in the above-captioned adversary proceeding, as follows:

## ANSWER TO COMPLAINT

## PARTIES

1. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2. JPMorgan denies the allegations in paragraph 2 of the Complaint. Answering further, JPMorgan states that it is a federally chartered national bank with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240.

3. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies the same.

## JURISDICTION

4. Paragraph 4 of the Complaint contains allegations regarding jurisdiction, core proceeding, and Third-Party Plaintiff's consent to entry of final orders, which are legal conclusions to which no response is required. To the extent a response is required, JPMorgan admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding under 28 U.S.C. § 157(b)(2). JPMorgan consents to entry of final judgment in this proceeding in the event that it is determined this matter is non-core.

5. Paragraph 5 of the Complaint contains allegations regarding venue, which are legal conclusions to which no response is required. To the extent a response is required, JPMorgan admits that venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

6. JPMorgan admits the allegations in paragraph 6 of the Complaint.

7. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and therefore denies the same. To the extent the allegations in paragraph 7 of the Complaint have misconstrued or are inconsistent with the referenced Consignment Agreement, JPMorgan denies any characterization of the Consignment Agreement inconsistent with its actual terms and respectfully refers the Court to the referenced agreement for the complete and accurate terms thereof.

8. Paragraph 8 of the Complaint states and/or request legals conclusions and mixed questions of law and fact concerning whether the Debtor was "generally known by its creditors to be substantially engaged in selling the goods of others" to which no response is required. To the extent a response is required, JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding whether the Debtor was generally known by its creditors to be substantially engaged in selling the goods of others and therefore denies the same.

9. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10. Paragraph 10 of the Complaint states and/or requests a legal conclusion and mixed questions of law and fact concerning the allocation of risk of loss to which no response is required. To the extent a response is required, JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint regarding alleged "continuous statements at all times relevant to the Complaint that the Stock is owned by the Third-Party Plaintiff and not the Debtor" made by the Debtor and therefore denies the same.

13. JPMorgan admits the allegations in paragraph 13 of the Complaint that the Debtor attached a list of "Defendant Supplied Consigned Inventory" as Exhibit A to its complaint in this adversary proceeding and respectfully refers the Court to that exhibit for its complete and accurate contents.

14. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and therefore denies the same. To the extent the allegations in paragraph 14 of the Complaint have misconstrued or are inconsistent with the referenced exhibit, JPMorgan denies the allegations in paragraph 14 and respectfully refers the Court to the referenced exhibit for the complete and accurate terms thereof.

15. Paragraph 15 of the Complaint states and/or requests a legal conclusion to which no response is required. To the extent a response is required, JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18. JPMorgan admits the allegations in paragraph 18 of the Complaint that it is the

Debtor's Debtor-In-Possession Lender ("DIP Lender") and that the Court has entered orders authorizing DIP financing and granting JPMorgan a priming first priority senior security interest upon all of the Debtor's right, title, and interest in the Stock and proceeds resulting from any sale or disposition thereof. JPMorgan denies any characterization of the referenced pleading inconsistent with its terms and respectfully refers the Court to such pleading for the complete and accurate terms thereof.

19. JPMorgan admits that the Court entered orders approving the sale of a portion of the Debtors' assets to Sparkle Pop, LLC, and denies that the transaction constitutes a sale of "substantially all" the Debtors' assets, all as more fully set forth in the referenced sale order and related pleading cited in the allegations in paragraph 19 of the Complaint. JPMorgan denies any characterization of the referenced orders and pleadings inconsistent with their terms and respectfully refers the Court to such pleading for the complete and accurate terms thereof.

20. JPMorgan admits the allegations in paragraph 20 of the Complaint that the referenced Asset Purchase Agreement includes language regarding "goods held on consignment," and that consigned goods were excluded from the transaction. JPMorgan denies any characterization of the Asset Purchase Agreement inconsistent with its terms and respectfully refers the Court to such Asset Purchase Agreement for the complete and accurate terms thereof.

21. JPMorgan admits the allegations in paragraph 21 of the Complaint that the Asset Purchase Agreement was accompanied by a Transition Services Agreement ("TSA") between the Debtor and Sparkle Pop, dated April 27, 2025 and respectfully refers the Court to such Transition Services Agreement for the complete and accurate terms thereof.

22. JPMorgan admits that the allegations in paragraph 22 of the Complaint purport to paraphrase, summarize and quote from Exhibit B of the TSA entitled "Services Provided by the

Buyer to Seller." JPMorgan denies that the summary or quotes in paragraph 22 represent a complete summary of the document, and denies paragraph 22 to the extent the allegations contained therein are inconsistent with the referenced exhibit and respectfully refers the Court to the referenced exhibit for the complete and accurate terms thereof.

23. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and therefore denies the same.

27. JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28. Paragraph 28 of the Complaint states and/or requests a legal conclusion and mixed questions of law and fact concerning the relationship between the Debtor's interest in the Stock and the interests of JPMorgan and Sparkle Pop to which no response is required. To the extent a response is required, JPMorgan admits that it asserts a first priority DIP Lien on all of the Debtors' right, title and interest in the Stock and the proceeds thereof and denies the balance of Paragraph 28.

29. Paragraph 29 of the Complaint states and/or requests a legal conclusion to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 29 of the Complaint.

## COUNT I—Declaratory Judgment
### (The Stock is Property of the Third-Party Plaintiff)

30. JPMorgan hereby repeats and realleges its Answers to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Paragraph 31 of the Complaint states and/or requests a legal conclusion to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states and/or requests a legal conclusion to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 32 of the Complaint alleging that the Debtor bears the burden of proof under applicable UCC provisions.

33. Paragraph 33 of the Complaint purports to quote or paraphrase UCC § 9-102(a)(20) to which no response is required. To the extent a response is required, JPMorgan admits that the cited language in paragraph 33 of the Complaint substantially reflects that provision, subject to the Court's interpretation of governing law.

34. Paragraph 34 of the Complaint states and/or requests legal conclusions and characterizations of UCC Articles 2 and 9 to which no response is required. To the extent a response is required, JPMorgan denies each and every allegation in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states and/or requests legal conclusions and characterizations of UCC § 9-102(a)(20), UCC Articles 2 and "other applicable state law" concerning the Debtor's alleged burden of proof to which no response is required. To the extent a response is required, JPMorgan denies each and every allegation in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint states and/or requests legal conclusions and characterizations of UCC Articles 2 and 9 to which no response is required. To the extent a

response is required, JPMorgan denies each and every allegation in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states and/or requests a legal conclusion and mixed questions of law and fact to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 37 of the Complaint.

38. JPMorgan denies the allegations of paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states and/or requests a legal conclusion to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states and/or requests a legal conclusion to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states and/or requests legal conclusions and characterizations of UCC Articles 2 and 9 to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states and/or requests legal conclusions and characterizations of UCC Articles 2 and 9 and the effect of alleged bailment law to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 42 of the Complaint.

43. JPMorgan denies the allegations in paragraph 43 of the Complaint alleging that, because the Stock is allegedly not property of the Debtor's estate, JPMorgan has "no colorable claim of ownership in the Stock."

## ANSWER TO COUNT I PRAYER FOR RELIEF

To the extent a response is required to the prayer for relief following Count I, JPMorgan

denies that Third-Party Plaintiff is entitled to any of the requested declarations or other relief and denies any allegation therein inconsistent with JPMorgan's Answer. JPMorgan requests that the Court dismiss and enter judgment on all of Third-Party Plaintiff's claims and Count I in favor of JPMorgan with prejudice, and order such further relief as the Court deems just and proper, including, to the extent appropriate, all allowable costs and fees.

### COUNT II—Declaratory Judgment
### (The Postpetition Stock is Property of the Third-Party Plaintiff)

44. JPMorgan hereby repeats and realleges its Answers to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Paragraph 45 of the Complaint purports to quote or paraphrase 11 U.S.C. § 544 to which no response is required. To the extent the allegations in paragraph 45 of the Complaint have misconstrued or are inconsistent with the referenced statute, JPMorgan denies the allegations in paragraph 45 and respectfully refers the Court to the referenced statute for the complete and accurate terms thereof.

46. Paragraph 46 of the Complaint purports to quote or paraphrase 11 U.S.C. § 552 to which no response is required. To the extent the allegations in paragraph 46 of the Complaint have misconstrued or are inconsistent with the referenced statute, JPMorgan denies the allegations in paragraph 46 and respectfully refers the Court to the referenced statute for the complete and accurate terms thereof.

47. Paragraph 47 of the Complaint states and/or requests legal conclusions and contains arguments regarding the interaction between 11 U.S.C. §§ 544 and 552 to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint states and/or requests legal conclusions to which no

response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states and/or requests legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states and/or requests legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states and/or requests legal conclusions and contains hypothetical assertions concerning rejection of the Consignment Agreement to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint states and/or requests legal conclusions and contains hypothetical assertions concerning termination of the Consignment Agreement and obligations to return stock to which no response is required. To the extent a response is required, JPMorgan denies the allegations in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint states and/or requests legal conclusions and arguments concerning Sparkle Pop's alleged lack of authority to sell or distribute the Stock to which no response is required. To the extent a response is required, JPMorgan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint and therefore denies the same.

**ANSWER TO COUNT II PRAYER FOR RELIEF**

To the extent a response is required to the prayer for relief following Count II, JPMorgan

denies that Third-Party Plaintiff is entitled to any of the requested declarations or other relief and denies any allegation therein inconsistent with JPMorgan's Answer. JPMorgan requests that the Court dismiss and enter judgment on all of Third-Party Plaintiff's claims and Count II in favor of JPMorgan with prejudice, and order such further relief as the Court deems just and proper, including, to the extent appropriate, all allowable costs and fees.

## STATEMENT REGARDING ENTRY OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING

Pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 7012-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, in the event that it is determined this matter is non-core, JPMorgan consents to the entry of final orders or judgments by the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, or that such matters are not elements of the Third-Party Plaintiff's *prima facie* case, JPMorgan asserts the following affirmative defenses, pled in the alternative to the extent that they may be found to be inconsistent. JPMorgan reserves the right to amend its Answer to supplement or delete these defenses, or assert further defenses, as justice may require.

## FIRST DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each claim asserted against JPMorgan, fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012, including because the allegations do not establish that JPMorgan's liens or interests are

11

invalid, avoidable, or subordinate as a matter of law. More specifically, the Complaint fails to satisfy the *prima facie* elements of whether the transaction is excepted from Article 9.

2. Article 9's perfection and priority rules govern consignments other than consignments that do not meet the definitional requirements set forth in section § 9-102(a)(20) of the UCC. The Complaint lacks any allegations that Third-Party Plaintiff filed a UCC-1 financing statement to evidence and perfect its interests in the Stock. Consequently, the only way the transaction could fall outside Article 9 is if Third-Party Plaintiff plausibly alleged the statutory exception in UCC § 9-102(a)(20)(A)(iii). That exception applies only where the consignee is "generally known by its creditors" to be "substantially engaged" in selling the goods of others, in which case Article 9 does not apply and non-UCC law governs. Third-Party Plaintiff fails to identify—much less satisfy—the governing Maryland and Fourth Circuit standard allocating the burden of proof on this issue. Bankruptcy courts within the Fourth Circuit, including this Court, consistently hold that consignors, such as Third-Party Plaintiff, bear the burden to prove that its consignee is generally known by its creditors to be substantially engaged in selling the goods of others. The Complaint lacks any factual allegations allocating **Third-Party Plaintiff's burden** that the transaction is excepted from Article 9's definition of consignment.

3. Because Third-Party Plaintiff has failed to plead facts showing that the transaction falls outside Article 9's definition of "consignment," and has likewise failed to plead facts showing that its alleged interest in the Stock was properly perfected under Article 9, Third-Party Plaintiff has not met its burden of pleading or proving the applicability of any exception. The Complaint therefore fails as a matter of law to state a claim for relief based on Third-Party Plaintiff's purported interest in the Stock.

**SECOND DEFENSE**

12

**(Effect of DIP Order / Res Judicata / Collateral Estoppel)**

4. Third-Party Plaintiff's claims are barred, in whole or in part, by res judicata, and/or collateral estoppel, the law-of-the-case doctrine to the extent they constitute an impermissible collateral attack on the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 163] (the "**Final DIP Order**"), pursuant to which, among other things, the Debtors were granted authority to obtain senior secured postpetition financing pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "**DIP Credit Agreement**"). The DIP Credit Agreement was subsequently amended ten (10) times pursuant to this Court's Orders Approving Stipulations Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement [Docket Nos. 243, 345, 409, 470, 569, 788, 982, & 1089].

5. Pursuant to the Final DIP Order, JPMorgan has valid, attached and binding, fully perfected priming first priority senior security interests and liens upon all of the Debtors' right, title, and interest in the Stock and the proceeds resulting from any sale or disposition thereof. *See* Final DIP Order, at ¶¶ 13, 14, & 15. To the extent the Final DIP Order and subsequent amendments have determined the validity, extent, priority, or enforceability of JPMorgan's liens and interests, Third-Party Plaintiff's claims are barred or limited.

**THIRD DEFENSE**

**(Valid, Perfected, and Enforceable Security Interests and DIP Liens)**

6. JPMorgan holds valid, properly attached, perfected, and enforceable security

13

interests and liens in all of the Debtor's property, including the Debtor's rights and interests in any consigned inventory and/or the proceeds thereof, all pursuant to and consistent with the final, non-appealable Final DIP Order and DIP Credit Agreement. To the extent the Debtor holds or held rights in the Stock or its proceeds (whether legal, equitable, contractual, or possessory), those rights are and were at all relevant times subject to, and encumbered by, JPMorgan's liens and cannot be displaced by the declaratory relief Third-Party Plaintiff seeks.

7. Pursuant to the Final DIP Order, all Challenge Rights under the Final DIP Order have been fully adjudicated to have been extinguished and are deemed to be forever waived, released, and barred. *See* Final DIP Order, ¶¶ 21-22; Order Approving Sale to Sparkle Pop, Dkt. No. 407, ¶ 39; Order Approving Sale to Universal, Dkt. No. 408, ¶ 39. Neither the Debtors, the Committee, nor any other individual, entity or party shall be entitled to bring or maintain a Challenge against the Prepetition Lender, the DIP lender or otherwise, and the Debtors' stipulations in the Final DIP Order have been fully adjudicated and are deemed binding and enforceable against the Debtors, the Committee, and all other creditors and parties in interest.

8. The Final DIP Order further provides that, upon the expiration of the Challenge Period Termination Date (as defined in the Final DIP Order) without the filing of a Challenge: (a) any and all such Challenges shall be deemed to be forever waived, released, and barred; (b) the Prepetition Debt shall constitute allowed claims, not subject to counterclaim, setoff, recoupment, reduction, subordination, recharacterization, defense, or avoidance for all purposes in the Debtors' Chapter 11 Cases and any Successor Cases; (c) the Prepetition Liens shall be deemed to have been, as of the Petition Date, legal, valid, binding, and perfected first priority liens in the Prepetition Collateral, not subject to recharacterization, subordination, or avoidance; (d) all of the Debtors' stipulations and admissions contained in this Final Order, including, without limitation, the

Stipulations, and all other waivers, releases, affirmations, and other stipulations as to the priority, extent, and validity as to the Prepetition Debt and Prepetition Liens shall be of full force and effect and forever binding upon the Debtors, the Debtors' bankruptcy estates, and all creditors, interest holders, and other parties-in-interest in these Chapter 11 Cases and any Successor Cases; and (e) all Estate Claims shall be waived. *See* Final DIP Order, ¶ 22.

9. Accordingly, Third-Party Plaintiff's claims are barred as an impermissible and untimely Challenge to JPMorgan's liens, which the Court has ordered and adjudged to be, as of the Petition Date, legal, valid, binding, and perfected first priority liens in the Prepetition Collateral, not subject to recharacterization, subordination, or avoidance.

## FOURTH DEFENSE

### (UCC Article 9 Applies; Debtor's Rights Sufficient for Attachment)

10. Contrary to Third-Party Plaintiff's legal theory, UCC Article 9 governs the transaction at issue, including the Debtor's rights in the Stock and proceeds. To the extent the Debtor had rights in the Stock and/or its proceeds sufficient to support attachment, JPMorgan's security interests attached to those rights and benefit from the priority rules of Article 9. Accordingly, Third-Party Plaintiff's request for declarations that Article 9 does not apply, that no security interest attached, and that Third-Party Plaintiff's claimed interest is free and clear of JPMorgan's liens fails as a matter of law and fact.

## FIFTH DEFENSE

### (Unperfected Consignor / Subordination Under Article 9)

11. The Complaint lacks any allegations that Third-Party Plaintiff filed a UCC-1 financing statement to evidence and perfect its interests in the Stock. Third-Party Plaintiff has not alleged, and on information and belief did not effect, any perfection of its claimed interests by

15

filing a financing statement or otherwise complying with Article 9's perfection requirements.

12. Under UCC §§ 9-317 and 9-319, an unperfected consignor's interest is subordinate to the rights of a secured creditor, such as JPMorgan, that holds a perfected security interest in the Debtor's inventory or its proceeds under the Final DIP Order. Therefore, even if Third-Party Plaintiff retains some ownership or title interest, that interest is inferior to the Debtor's and JPMorgan's secured interests.

## SIXTH DEFENSE

### (Misapplication of 11 U.S.C. §§ 541, 544, and 552)

13. The claims alleged in the Complaint are barred, in whole or in part, because Third-Party Plaintiff's reliance on 11 U.S.C. §§ 541, 544, and 552 is legally flawed. Section 541 broadly includes in the estate all legal and equitable interests of the Debtor as of the petition date and certain post-petition property. Prior to the Petition Date, the Debtors granted to JPMorgan a first-priority security interest in, and continuing liens on, substantially all of their assets and personal property, and all proceeds, products, and accessions thereof, in each case whether then owned or existing or thereafter acquired or arising. *See* Final DIP Order, § E(i)–(iii). In accordance with the Final DIP Order, JPMorgan has valid, attached and binding, fully perfected priming first priority senior security interests and liens upon all of the Debtors' right, title, and interest in the Stock and the proceeds resulting from any sale or disposition thereof. *See* Final DIP Order, at ¶¶ 13, 14, & 15. To the extent the Debtor has any rights in the Stock or proceeds, those rights are property of the estate, subject to JPMorgan's liens under the Final DIP Order.

14. Section 552 limits the postpetition effect of prepetition security agreements but contains a "proceeds" exception and is further subject to the terms of the Final DIP Order entered by this Court. The Final DIP Order expressly granted JPMorgan, as DIP Lender and the Prepetition

Lender, the rights and benefits of section 552(b) of the Bankruptcy Code. *See* Final DIP Order, at ⁋ J. Accordingly, Third-Party Plaintiff is not entitled to declarations that the Debtor and JPMorgan "have no interest" in postpetition stock or proceeds.

## SEVENTH DEFENSE

### (Ratification)

15. Third-Party Plaintiff's Complaint, and each and every claim therein, is barred because of ratification, agreement, acquiescence, or consent as to the conduct alleged.

## EIGHTH DEFENSE

### (Waiver)

16. Third-Party Plaintiff's Complaint, and each and every claim therein, is barred by the doctrine of waiver.

## NINTH DEFENSE

### (Avoidable Consequences)

17. Third-Party Plaintiff's Complaint, and each and every claim therein, is barred by the doctrine of avoidable consequences given that any damage Third-Party Plaintiff allegedly sustained was caused by Third-Party Plaintiff's own actions or inactions, and/or Third-Party Plaintiff's failure to exercise reasonable care to avoid the consequences of harms, if any.

## TENTH DEFENSE

### (Estoppel)

18. The relief sought in the Complaint is barred to the extent that the claims raised therein are subject to the principles of estoppel or equitable estoppel.

## RESERVATION OF RIGHTS

19. JPMorgan expressly reserves all rights any further and additional defenses upon

receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise, and any defenses arising under the Bankruptcy Code, UCC, or other applicable non-bankruptcy law.

WHEREFORE, JPMorgan respectfully requests an order denying the relief requested in the Complaint, an order granting judgment in JPMorgan's favor and awarding JPMorgan the costs of suit incurred herein, and granting JPMorgan such other and further relief as is just and proper.

Dated: February 16, 2026

        /s/ Katherine E. Culbertson
        Katherine E. Culbertson (admitted *pro hac vice*)
        **TROUTMAN PEPPER LOCKE LLP**
        111 South Wacker Drive, Suite 4200
        Chicago IL 60606
        Tel: (312) 443-0256
        Email: Katherine.culbertson@troutman.com

        -and-

        Toyja E. Kelley (Bar No. 26949)
        Indira K. Sharma (Bar No. 28269)
        Jonathan W. Young (admitted *pro hac vice*)
        401 9th Street, N.W., Suite 1000
        Washington, D.C. 20004
        Tel: (202) 274-2950
        Email: Toyja.Kelley@troutman.com
        Indira.Sharma@troutman.com
        Jonathan.Young@troutman.com

        *Counsel for JPMorgan Chase Bank, N.A.*

250865417v2

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2026, I filed and served the foregoing *Answer and Affirmative Defenses* to all counsel of record through this Court's CM/ECF system.

*/s/ Katherine E. Culbertson*
Katherine E. Culbertson

250865417v2